UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS' LOCAL 234 PENSION FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PJ'S HEAVY TRANSPORT, LLC, et al.,<br><br>Defendants. | Case No. 26-cv-12043<br><br>Honorable Robert J. White |

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Plaintiffs are trustees and fiduciaries (the "Trustees") of the Operating Engineers' Local 234 Pension Fund, Healthcare Plan, and other fringe benefit funds (the "Funds"). Defendant PJ's Heavy Transport, LLC is a Michigan limited liability company that does business in the construction industry ("PJ"). (ECF No. 1, PageID.2, ¶ 2). Defendant Peter J. Daly ("Daly") is PJ's principal member. (*Id.*, PageID.3, ¶ 3).

PJ is a party to a collective bargaining agreement that requires the company to make fringe benefit contributions to the Funds on behalf of PJ's CBA-covered workers. The Trustees commenced this Employee Retirement Income Security Act

("ERISA") collection action after PJ failed to make fringe benefit contributions to the Funds. (ECF No. 1). The Clerk of the Court entered default against PJ after it failed to appear, plead, or otherwise defend this action. (ECF No. 9).

The Trustees now move for a default judgment under Federal Rule of Civil Procedure 55(b)(2). (ECF No. 10). PJ again failed to respond or otherwise appear or attempt to set aside the default entered against it. So the well-pled allegations of the complaint are deemed admitted. *See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). After reviewing the complaint, the unopposed motion for default judgment, and the filings of record, the Court finds that:

1. The Trustees commenced this action against PJ and Daly on June 18, 2026. (ECF No. 1).
2. The complaint alleges that PJ failed to make fringe benefit contributions to the Funds under ERISA. (*Id.*, PageID.6-8, ¶¶ 16-26).
3. PJ and Daly waived service of process on June 29, 2026. (ECF Nos. 5-6).
4. The Court possesses subject matter jurisdiction under 28 U.S.C. § 1331; 29 U.S.C. §§ 185, 1132. (ECF No. 1, PageID.2, ¶ 1).
5. The Court has personal jurisdiction over PJ and Daly under Michigan's long-arm statute, Mich. Comp. Laws §§ 600.701–775, and the Due Process Clause, *see Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358-60 (2021); *see also Lomax v. Marketplace Homes Lending, LLC*, No. 23-13018,

2024 U.S. Dist. LEXIS 186401, at *4 (E.D. Mich. Oct. 11, 2024) ("To determine whether personal jurisdiction is met in the case of a default judgment, the Court looks to whether the well-pled allegations in the complaint, taken as true, amount to a prima facie showing of personal jurisdiction."). The Court is satisfied that PJ "transact[s] . . . business within the state" and "[e]nter[ed] into a contract for services to be performed . . . in the state." Mich. Comp. Laws § 600.735(1), (5). The Court is also satisfied that Daly engages in this same conduct. *Id.* at § 600.705(1), (5).

6. When PJ and Daly failed to timely answer the complaint, the Clerk of the Court entered default against them on September 10, 2026. (ECF No. 9).

7. The default concedes the truth of the complaint's allegations as to PJ and Daly's liability on the claims asserted against them. Fed. R. Civ. P. 8(b)(6); *see also Jones v. Pekoske*, No. 21-1061, 2021 U.S. App. LEXIS 36223, at *5-6 (6th Cir. Dec. 7, 2021).

8. According to the complaint, and the documents attached to the motion for default judgment, PJ is a signatory to a collective bargaining agreement ("CBA") with the International Union of Operating Engineers Local 324 AFL-CIO. (ECF No. 1, PageID.3-4, ¶¶ 5-8; ECF No. 10-2, PageID.41-43; ECF No. 10-3, PageID.45-78).

9. The CBA requires PJ to remit periodic fringe benefit contributions to the Funds on behalf of its CBA-covered laborers. (*Id.*, PageID.4, ¶ 9).

10. The audit concluded that PJ owes $197,729.30 in unpaid contributions, $111,876.68 in liquidated damages, and $69,032.69 in interest to the Funds for the period covering May 2023 through June 2024. (ECF No. 10-5, PageID.87, 90-93).

11. The Trustees' monetary damages constitute a sum certain that may be calculated by reference to the Funds' independent audit report and the Trustees' supporting documentation. (ECF No. 10-5).

12. ERISA further provides for an award of attorney fees and costs to the prevailing party. 29 U.S.C. § 1132(g)(2)(D). The "lodestar" method of calculating attorney fees is appropriate for ERISA collection actions. *See Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401-02 (6th Cir. 1995). The "lodestar" method employs the following formula to arrive at a reasonable attorney fee award: hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* at 1401. In view of the supporting documentation attached the default judgment motion, the Trustees' counsel is entitled to reasonable attorney fees in the amount of $5,520. (ECF No. 10-6, PageID.99).

Based on these findings, it is hereby,

ORDERED that the Trustees' motion for default judgment (ECF No. 10) is granted in part.

IT IS FURTHER ORDERED that judgment will be entered for money damages in favor of the Trustees and against PJ and Daly in the amount of **$342,759.66** as of September 15, 2026, with interest accruing thereon as provided by statute from both before and after the date of entry of the judgment.

IT IS FURTHER ORDERED that the Trustees are entitled to reasonable attorney fees in the amount of **$5,520**.

IT IS FURTHER ORDERED that the Trustees may seek taxation of costs pursuant to E.D. Mich. LR 54.1.

IT IS FURTHER ORDERED that PJ must produce its books and records to the Funds, for the period spanning from July 1, 2024 through the date of judgment, for the purpose of conducting an updated audit.

IT IS FURTHER ORDERED that the Court will retain jurisdiction for the purpose of issuing an amended or supplemental default judgment to award the Trustees (1) PJ's delinquent fringe benefit contributions found due and owing after an updated audit is completed, and (2) any additional attorney fees and costs incurred pursuing this matter.

IT IS FURTHER ORDERED that this is a final order, the terms of which are effective immediately.

Dated: October 13, 2026

s/ Robert J. White
Robert J. White
United States District Judge